United States District Court
Middle District of Tennessee

John Scott MAAS

    Plaintiff,

2:25-cv-10 (KC)

Versus

Judge Waverly Crenshaw

United States Government

    Defendant.

Related to: 2:20-cv-00051

## Federal Tort Claims Act Complaint

Comes now, Plaintiff, John Scott MAAS and hereby brings this cause of action against the Occupational Safety, Health administration or O.S.H.A. Dr. David Michaels Former administrator, Douglas L. Parker, Asst. Secretary of Labor for O.S.H.A., and others involved with The National Responce Team and I.C. and, National Oceanic, and Atmospheric Administration, or N.O.A.A. David Kennedy and Kate Wheelock, and others involved in the N.R.T. an I.C, and the Enviromental Protection Agency, or the E.P.A., Lisa Jackson and other Toxic Risk Personal, I.C. and N.R.T members responding to the DeepWater Horizon Oil spill. (Collectively, U.S. government) Defendants. and hereby states as follows:

## Introduction

1. Plaintiff is a Natural Person of the age of majority, and a citizen and resident of White County, TN and a clean up Worker as defined by the Medical Settlement Agreement involving the B.P. Oil Spill Deepwater Horizon

2. Pursuant to the Federal Tort Claims ACT. Defendants herein are O.S.H.A. Located in Nashville TN. N.O.A.A. Located in Silver Springs Maryland and the E.P.A. Located in Washington D.C. (collectively, United States Government Defendants) All Standard Form 95 options exausted. and Timely Filed

---

[1] Deep Water Horizon Medical Benefits Class Action Settlement Agreement, as Amended on May 1, 2012, M.D.L. 2179, Rec. Doc. 6427-1 (May 3, 2012), § II. Q.

[2] F.T.C.A. 28 U.S.C. § 1346 (B), § 1402 (B), § 2401 (B) and §§ 2671-2680

## JURISDICTION

3. This is a Federal Tort Claims Act Lawsuit 28 U.S.C. chapter 171

4. This Court has jurisdiction based on Federal Question under 28 U.S.C. § 1331, in that Article III, Section 2 of the United States Constitution empowers the federal judiciary to hear "All cases of admiralty and maritime Jurisdiction

5. This Court also has jurisdiction pursuant to U.S.C. § 1333, as well as the Extension Act, 46 U.S.C. § 30101, which extends the admiralty and maritime jurisdiction of the United States to "cases of injury or damage to person or property, caused by a Vessel on navigable waters, even though the injury or damage is done or consummated on land"

6. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because all parties are diverse in Citizenship and the amount in Controversy exceeds $75,000.

7. Plaintiff has complied with all requirements for timeliness and seeks to recover for all damages allowable under the F.T.C.A. suffered as a result of Defendants actions during the DeepWater Horizon Oil Spill

8. The Middle District of Tennessee is the proper Venue.

## General Facts

The B.P. oil spill occurred on April 20, 2010. The Largest oil spill in U.S. history. 4.2 million Barrels of crude oil was spilled over 87 days. Treated with more than 2.2 million gallons of Corexit EC 9500A and EC 9527A. In an experimental attempt to sink and disperce the oil before it could reach the shore line in the gulf of Mexico.

Plaintiff was hired by B.P. oil to clean up oil and help rescue wildlife. and was a class action member of The DeepWater Horizon Medical Benefits Settlement, Forced into B.E.L.O. or Back end Litigation Option in May of 2012. M.D.L. 2179, Rec. Doc. 6427-1 (May 3, 2012) § II Q in the Eastern District Court of Louisiana.

Plaintiff was forced to engage highly toxic disperced crude oil with out required Personal Protective Equiptment. The Material Safty Data Sheets For Corexit, Indicates "it is harmful to human health." As Legal causation was proven in The Middle District of Tennessee case 2:20-CV-00051 for Chemical asthma, suffered by the Plaintiff, and diagnosed with Reactive airways disease on September 11, 2015

Defendants in this matter allowed B.P. Oil to send First Responders, cleanup Workers and 5000 Coast Guard personal

Into the highly toxic slurry of crude oil mixed with Corexit, without P.P.E's. This was a plan created by the Defendants to promote the National Responce Teams concocted plan, Commerce over Health. or the economic engine of Gulf Coast tourism superseded the Health risks to all First Responders and cleanup Workers. as well as local residents.

Plaintiff was sprayed directly by U.S. air force C130, and others, As a local resident and on cleanup duties for several months. Working 12 hour days, 7 days a week. Living at 210 Wheaton court in Ocean Springs Mississippi, about 1000 yards from the Gulf shore line. Sprayed directly with Corexit. Without O.S.H.A. required P.P.E's In violation of the "Respiratory Protection Act" O.S.H.A. standard 29 C.F.R. 1910.134 and others. And failed to Fine B.P. oil for failer to protect workers

As a cleanup Worker, Plaintiff was exposed through inhalation, airborne and direct contact to oil, dispersants and other harmful chemicals throughout the duration of his time as a clean up worker, as a result of the Oil Spill. Causing permanent injuries.

## Cause of Action

Plaintiff was used as an acceptable loss by Defendants to promote Commerce of Health plan implemented by the Defendants.

Plaintiffs permanant injuries were Legally and proximately caused by exposure to oil, dispersants, and other harmful chemicals from the Oil Spill.

U.S. Government are therefor liable under the Federal Tort Claims act as their Gross negligence encouraged the failure to provide P.P.E. resulting in Plaintiffs permanant injuries.

Plaintiff John Scott MAAS, itemizes his damages as follows;

A. Pain and Suffering;
b. Mental anguish;
C. Medical expenses;
D. Lost earnings;
E. Loss of earning capacity;
F. Maintenance and Cure;
G. Other economic Loss;
h. Loss of enjoyment of Life; and
i. Fear of future medical Issues.

Moreover, Plaintiff seeks any and all damages or relief that this Honorable court deems Just and proper.

Plaintiff requests Bench Trial

Wherefore, Plaintiff prays, that the Defendants by duly cited to appear and answer this complaint and that this Honorable Court grant Plaintiff relief to which he is entitled to under the Law, F.T.C.A. and against U.S. Government Defendants, Including Court Costs and Compensatory damages.

Respectfully Submitted,

John Scott MAAS
Pro Se

Certificate of Service.

This is to certify that a true and correct copy of the foregoing insterment was filed with the Clerk of court, in person
Notice of this filing will be sent to all the following by first class U.S. Mail

O.S.H.A. at 220 French Landing Dr, Nashville TN. 37228

N.O.A.A. at 1305 East West Hy. Silver Springs Maryland 20910

E.P.A. claims officer office of General council
U.S. E.P.A 1200 Penn. Ave. N.W.
W.J.C. Building Rm 7353 A.
Washington DC. 20460

From John Scott Mays
505 Ripley Rd
Sparta TN. 38583

Dated Feb 14 2024

Pro se

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED OMB NO. 1105-0008

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| N.O.A.A. OR+R's<br>1305 East West Hy<br>Silver Springs Maryland 20910 | MAAS, John S<br>505 Ripley Rd<br>Sparta TN. 38583 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 02-08-63 | M | 4-20-2010 | 0900 |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Fraudulent concealment of health risks to First responders in the B.P. oil spill. By David Kennedy assistant administrator of the National Ocean Service and Kate Wheelock, Former OR+R's Assesment and Restoration Regional Recources coordinator, And D.P.P. chair NOAA. And others involved with I.C. and N.R.T.

## 9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

## 10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Reactive Airways, Asthma, All medical data in this claim in MAAS vs B.P. oil. 2:20-cv-00051 Federal TN. Expert Witness included

## 11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| John MAAS | 505 Ripley Rd<br>Sparta TN. 38583 |

## 12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| none | $750,000.00 | none | $750,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| /s/ J S MAAS | 228-327-0459 | 2-8-2024 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO. 1105-0008

**1. Submit to Appropriate Federal Agency:**
E.P.A. Claims Officer
Office of General Council
U.S.E.P.A. 1200 Penn. Ave. NW
W.J.C. Building Rm. 7353 A
Washington D.C. 20460

**2. Name, address of claimant, and claimant's personal representative if any.** (See instructions on reverse). Number, Street, City, State and Zip code.
John S. Maas
505 Ripley Rd
Sparta TN. 38583

**3. TYPE OF EMPLOYMENT:** ☑ CIVILIAN
**4. DATE OF BIRTH:** 02-08-1963
**5. MARITAL STATUS:** M
**6. DATE AND DAY OF ACCIDENT:** 4-20-10
**7. TIME (A.M. OR P.M.):** 0900

**8. BASIS OF CLAIM:**
Fraudulent concealment of health risks to all 1st responders causing my health issues, in their response to the BP oil spill in the 252 block. Lisa Jackson Administrator of the U.S.E.PA. and other toxic risk personal at E.P.A. including I.C. and N.R.T.

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT: none

BRIEFLY DESCRIBE THE PROPERTY: none

**10. PERSONAL INJURY/WRONGFUL DEATH**

All medical data on P.A.C.E.R. see MAAS vs B.P. oil 2:20-CV-00051 Middle district of T.N. Expert Witness, and much more

**11. WITNESSES**

| NAME | ADDRESS |
|---|---|
| John Maas | 505 Ripley Rd Sparta TN. 38583 |

**12. AMOUNT OF CLAIM (In dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL |
|---|---|---|---|
| none | $750,000.00 | none | $750,000.00 |

**13a. SIGNATURE OF CLAIMANT:** /s/ J. Maas
**13b. PHONE NUMBER:** 228-273-5898
**14. DATE OF SIGNATURE:** 2-8-2024

**CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM**
The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729).

**CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS**
Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.)

Authorized for Local Reproduction
Previous Edition is not Usable

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

95-109

# CLAIM FOR DAMAGE, INJURY, OR DEATH

**INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO. 1105-0008

**1. Submit to Appropriate Federal Agency:** O.S.H.A. 220 French Landing Dr. Nashville TN. 37228

**2. Name, address of claimant, and claimant's personal representative if any.** (See instructions on reverse). Number, Street, City, State and Zip code.
John Maas
505 Ripley Rd
Sparta TN. 38583

**3. TYPE OF EMPLOYMENT:** ☒ CIVILIAN
**4. DATE OF BIRTH:** 02-08-63
**5. MARITAL STATUS:** M
**6. DATE AND DAY OF ACCIDENT:** 4-20-10
**7. TIME (A.M. OR P.M.):** 0900

**8. BASIS OF CLAIM:** Fraudulent Concealment of health risks to First responders to the B.P. oil spill. Dr David Michaels Former Administrator of O.S.H.A. And Douglas L. Parker Assistant Secretary of Labor For O.S.H.A. and others involved in I.C. and N.R.T.

**9. PROPERTY DAMAGE**
NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT: none
BRIEFLY DESCRIBE THE PROPERTY: none

**10. PERSONAL INJURY/WRONGFUL DEATH**
Reactive airways, Asthma. Caused by chemical exposier in response to B.P. oil spill. All medical evidence in MAAS vs. BP oil, 2:20-CV-00051 M.D. TN Expert witness included

**11. WITNESSES**
| NAME | ADDRESS |
|---|---|
| John Maas | 505 Ripley Rd Sparta TN. 38583 |

**12. AMOUNT OF CLAIM (in dollars)**
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL |
|---|---|---|---|
| none | $750,000.00 | none | $750,000.00 |

**13a. SIGNATURE OF CLAIMANT:** /s/ J. Maas
**13b. PHONE NUMBER:** 228-273-5898
**14. DATE OF SIGNATURE:** 2-8-2024

CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM — The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729).

CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS — Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.)

Authorized for Local Reproduction
Previous Edition is not Usable
95-109
NSN 7540-00-634-4046
STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2
Case 2:25-cv-00010   Document 1   Filed 02/14/25   Page 11 of 14 PageID #: 11

# INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

**15. Do you carry accident Insurance?** ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☑ No

None

**16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?** ☐ Yes  ☑ No    **17. If deductible, state amount.**

None                                                                                                                                                           None

**18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?** (It is necessary that you ascertain these facts).

None

**19. Do you carry public liability and property damage insurance?** ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☑ No

None

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in Item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

**15. Do you carry accident insurance?** ☐ Yes  If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

**16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?** ☐ Yes ☒ No | **17. If deductible, state amount.**

none | none

**18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?** (It is necessary that you ascertain these facts).

**19. Do you carry public liability and property damage insurance?** ☐ Yes  If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in Item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

| INSURANCE COVERAGE | | |
|---|---|---|

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

**15. Do you carry accident insurance?** ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☑ No

*none*

**16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?** ☐ Yes ☑ No   **17. If deductible, state amount.**

*none*    *none*

**18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?** (It is necessary that you ascertain these facts).

*none*

**19. Do you carry public liability and property damage insurance?** ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☑ No

*none*

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in Item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.