UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

**JOHN SCOTT MAAS**
    **Plaintiff,**

VERSUS                                            **JUDGE WAVERLY CRENSHAW**

**UNITED STATES GOVERNMENT**
    **Defendant.**

**Related to:**    **2:20-CV-00051**
                     **12-968 BELO**
                     **in MDL No. 2179**

## AMENDED FEDERAL TORT CLAIMS ACT COMPLAINT

COMES NOW, Plaintiff, JOHN SCOTT MAAS, hereby brings this cause of action against the Occupational Safety Health Administration or O.S.H.A, Dr. David Michaels-Former Administrator, Douglas L. Parker-Asst. Secretary of Labor for O.S.H.A., and others involved with The National Response Team or N.R.T and Incident Commander or I.C, National Oceanic and Atmospheric Administration, or N.O.A.A., David Kennedy, Kate Wheelock and others involved in the N.R.T and I.C., the Environmental Protection Agency, or E.P.A., Lisa Jackson and other Toxic Risk Personal, N.R.T and I.C. members in their official capacity responding to the Deepwater Horizon oil spill. (Collectively, U.S. Government) Defendants and hereby states as follows:

# INTRODUCTION

1. Plaintiff is a Natural Person of the age of majority, a citizen and resident of White County, TN, and a clean-up worker as defined by the Medical Settlement Agreement involving the B.P. Deepwater Horizon oil spill.

2. Pursuant to the Federal Tort Claims Act Defendants herein are O.S.H.A: located in Nashville, TN, N.O.A.A: located in Silver Springs, MD, and the E.P.A: located in Washington, D.C. (Collectively, United States Government Defendants) All Standard Form 95 options exhausted and timely filed.

---

[1] Deepwater Horizon *Medical Benefits Class Action Settlement Agreement, as Amended on May 1, 2012,* MDL No. 2179, Rec. Doc. 6427-1 (May 3, 2012) §II.Q.
[2] F.T.C.A. 28 U.S.C §1346(B), §1402(B), §2401(B) and §§2671-2680

## JURISDICTION

3. This is a Federal Tort Claims Act, or F.T.C.A, Lawsuit 28 U.S.C. Chapter 171

4. This Court has jurisdiction based on Federal Question under 28 U.S.C §1331, in that Article III, Section 2 of the United States Constitution empowers the Federal Judiciary to hear "All cases of the admiralty and maritime jurisdiction".

5. This Court also has jurisdiction pursuant to U.S.C §1333; as well as the Extension Act, 46 U.S.C, §30101, which extends the admiralty and maritime jurisdiction of the United States to "cases of injury or damage to person or property causes by a vessel on navigable waters, even though the injury or damage is done or consummated on land".

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, because all parties are diverse in citizenship and the amount in controversy exceeds $75,000.

7. Plaintiff has complied with all requirements for timeliness and seeks to recover for all damages allowable under the F.T.C.A. suffered as a result of Defendants action during the Deepwater Horizon oil spill.

8. The Middle District of Tennessee is the proper venue.

## GENERAL FACTS

9. In the 252 Block of the Gulf of Mexico, the Deepwater Horizon oil spill occurred on April 20, 2010. This oil spill being the largest in U.S. history with 4.2 million barrels of crude oil spilled over 87 days was treated with more than 2.2 million gallons of Corexit® EC 9500A and EC 9527A in an experimental attempt to sink and disperse the oil before it could reach the shore line.

10. Plaintiff was hired by B.P. Oil to clean up oil and help rescue wildlife and was a class action member of the Deepwater Horizon Medical Benefits Settlement, and was forced into Back End Litigation Option, or B.E.L.O, in May 2012. MDL No. 2179, Rec. Doc. 6427-1 (May 3, 2012) §II.Q. in the Eastern District Court of Louisiana.

11. Plaintiff was forced to engage highly toxic dispersed crude oil without Personal Protective Equipment, or PPE. The Material Safety Data Sheets for Corexit indicates "it is harmful to human health". As legal causation was proven in The Middle District of Tennessee case 2:20-CV-00051 for chemical asthma, suffered by the Plaintiff, and diagnosed with Reactive Airways Disease on September 11, 2015

12. Defendants in this matter allowed B.P. Oil to send First Responders, cleanup workers, and 5,000 Coast Guard personnel into the highly toxic slurry of crude oil mixed with Corexit® without PPE, this was a plan created by the Defendants to promote the National Response Teams concocted plan, Commerce Over Health, or the economic engine of Gulf Coast tourism superseded the health risks to all First Responders and cleanup workers as well as local residents.

13. Plaintiff was sprayed directly by U.S. Air Force C130 and others. As a local resident and on cleanup duties for several months, working 12 hour days, 7 days a week, living at 210

4

Wheaton Court in Ocean Springs, MS, about 1000 yards from the Gulf shore line, was sprayed directly with Corexit® without O.S.H.A. required PPE, a violation of the "Respiratory Protection Act" O.S.H.A. Standard 29 C.F.R. 1910.134 and others, and failed to fine B.P. Oil for failure to protect workers.

14. Plaintiff, as a cleanup worker, was exposed through inhalation, airborne and direct contact to oil, dispersants and other harmful chemicals throughout the duration of his time as a cleanup worker, causing permanent injuries.

## CAUSE OF ACTION

15. O.S.H.A. failed all cleanup workers as no Material Safety Data Sheets for dispersants Corexit® EC 9500A or EC 9527A were posted at Point Cadet Mississippi Vessel of Opportunity Incident Command Center. 29 C.F.R 1910.1200 causing a Breach of Legal Duty, and failure to protect the public and cleanup workers.

16. E.P.A. failed to protect cleanup workers as they failed to warn the public of highly toxic airborne chemicals and dispersed oil as required by the Clean Water Act, Emergency Plan and Community Right to Know Act, or EPCRA., U.S.C. 42 §11100-11050.

17. E.P.A. and O.S.H.A. both failed to provide air quality monitoring within 30 miles of Point Cadet, Mississippi. Failing The National Contingency Plan, or NCP, Subsection H(2)(i) and C.F.R. 29-§1910-1926 and C.F.R. 40 §300.317, Oil Pollution Act of 1990, or OPA, §4201, Public Law 101-380, and Title 29 – Subtitle B, Chapter XVII Part 1910 Subpart H §1910.120 Part 1(V) and (2)(I), causing Breach of Legal Duty.

18. Failure to assert Statute of Limitations by all Defendants, as a defense in S.F. 95 response F.R.C.P 8(c)(I)

5

19. Incident Command allowing direct spraying of dispersant by U.S Air Force Reserve Aerial Dispersant Unit in Youngstown, Ohio and others without PPE or respirators in 95°+ weather.

20. Plaintiff was used as an acceptable loss by Defendants to promote Commerce Over Health Plan implemented by the Defendants or Incident Specific Prepared Review, or ISPR.

21. Plaintiff permanent injuries were legally and proximately caused by exposure to oil, dispersants, and other harmful chemicals from the Deepwater Horizon oil spill as proven in 2:20-CV-00051 in this Court.

22. U.S. Government are therefore liable under the Federal Tort Claims Act as their gross negligence encouraged the failure to provide PPE resulting in Plaintiff's permanent injuries.

23. Plaintiff, JOHN SCOTT MAAS, itemizes his damages as follows:

    a. Pain and suffering;
    b. Mental anguish;
    c. Medical expenses;
    d. Lost earnings;
    e. Loss of earning capacity;
    f. Maintenance and cure;
    g. Other economic loss;
    h. Loss of enjoyment of life and;
    i. Fear of future medical issues.

Moreover, Plaintiff seeks any and all damages or relief that this Honorable Court deems just and proper.

24. Plaintiff requests Bench Trial

WHEREFORE, Plaintiff prays that the Defendants by duly cited to appear and answer this complaint and that this Honorable Court grant Plaintiff relief to which he is entitled to under the Law, F.T.C.A., and against U.S. Government Defendants, including court costs and compensatory damages.

Respectfully Submitted,

*[signature]* 3-5-2025

**JOHN SCOTT MAAS, PRO SE**
505 Ripley Rd
Sparta, TN 38583
Telephone: (228)273-5898
(228)327-0549
Email: aleta.pilutti@gmail.com

7

# CERTIFICATE OF SERVICE

This is to certify that a true and correct going of the foregoing instrument was filed with the Clerk of Court in person.

Notice of this filing will be sent to all the following by First-Class US Postal Service, USPS:

      O.S.H.A: 220 French Landing Dr

           Nashville TN 37228

      N.O.A.A: 1305 East-West Hwy

           Silver Springs, MD 20910

      E.P.A Claims Officer Office of General Council

      U.S.E.P.A: 1200 Pennsylvania Ave. NW

           W.J.C. Building Rm 7353 A

           Washington, D.C. 20460

_____

**JOHN SCOTT MAAS**

505 Ripley Rd

Sparta, TN 38583

Telephone: (228)273-5898

          (228)327-0459

Email: aleta.pilutti@gmail.com

8

# PRIORITY MAIL EXPRESS®

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

PS10001000006
EP13F October 2023
OD: 12 1/2 x 9 1/2

## UNITED STATES POSTAL SERVICE | PRIORITY MAIL EXPRESS®

EJ 572 253 008 US

**CUSTOMER USE ONLY**
FROM: (PLEASE PRINT)  PHONE (228) 327-0459
John MAAS
505 Ripley Rd
Sparta TN. 38583

**DELIVERY OPTIONS (Customer Use Only)**
☑ SIGNATURE REQUIRED

TO: (PLEASE PRINT)  PHONE ( )
Clerk of Court
719 Church street
Nashville TN.

ZIP + 4® (U.S. ADDRESSES ONLY)
3 7 2 0 3

RECEIVED
MAR 06 2025
U.S. DISTRICT COURT
MID. DIST. TENN

$100.00 Insurance included

**PAYMENT BY ACCOUNT (if applicable)**

**ORIGIN (POSTAL SERVICE USE ONLY)**
PO ZIP Code: 38583
Scheduled Delivery Date: 03-05-25
Postage: $31.40
Date Accepted: 03-04-25
Scheduled Delivery Time: 6pm
Time Accepted: 9:57 AM
Weight: 3 oz
Total Postage & Fees: 31.40

LABEL 11-B, MARCH 2019  PSN 7690-02-000-9996



# PRIORITY MAIL EXPRESS®



## FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE



PS10001000006

EP13F October 2023
OD: 12 1/2 x 9 1/2

## GUARANTEED* ▪ TRACKED ▪ INSURED

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs.