IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| JOHN SCOTT MAAS, | ) |
| Plaintiff, | ) Case No.: 2:25-cv-00010 |
| | ) JUDGE CRENSHAW |
| v. | ) MAGISTRATE JUDGE NEWBERN |
| UNITED STATES GOVERNMENT, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES' MOTION TO DISMISS PLAINTIFF'S AMENDED FEDERAL TORT CLAIMS ACT COMPLAINT**

The United States of America, by and through Acting United States Attorney Robert E. McGuire and the undersigned Assistant United States Attorney, on behalf of the U.S. Environmental Protection Agency ("U.S. EPA"), the National Oceanic and Atmospheric Administration ("NOAA"), the Occupational Safety and Health Administration ("OSHA"), file this memorandum in support of their motion to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction, failure to state a claim, and insufficient service of process under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(5). For the reasons discussed below, the motion should be granted.

**I.    INTRODUCTION**

This is not Plaintiff John Maas's first lawsuit arising from personal injuries suffered as a result of his assistance in cleaning-up after the 2010 oil spill that emanated from BP's Deepwater Horizon offshore drilling unit. See Maas v. BP Expl. & Prod., Inc. and BP Am. Prod. Co., No. 2:20-cv-00051 (M.D. Tenn.) (Crenshaw, J.). Initially, he accepted compensation under a class action settlement. He then sued BP America Production Company and BP Exploration and Production, Inc. under a class action medical settlement agreement ("MSA"), alleging that "he was

exposed to toxic substances during the clean-up and developed asthma and reactive airways disease as a result" and seeking "damages pursuant to a provision of the MSA that permits plaintiffs to recover for health conditions that did not manifest until after the MSA was finalized."[1] (Id.)

Mr. Maas now sues the United States in a third bid for compensation. However, his case should be dismissed because he exceeds the statute of limitations under the Federal Tort Claims Act (FTCA) or the Suits in Admiralty Act (SIAA), both of which incorporate two-year limitation periods. As discussed below, the FTCA is the correct waiver of sovereign immunity; however, Maas's lawsuit is too late under either the FTCA or the SIAA. Plaintiff's Amended Complaint should also be dismissed for insufficient service of process.

## II. BACKGROUND

In this case, proceeding *pro se*, Plaintiff alleges that he "was hired by B.P. Oil to clean up oil and help rescue wildlife …." (Amended Complaint, Doc. No. 4, ¶ 10). He alleges that he "was forced to engage highly toxic dispersed crude oil without Personal Protective Equipment, or PPE," id., ¶ 11, and that he "was exposed through inhalation, airborne and direct contact to oil, dispersants and other harmful chemicals throughout the duration of his time as a cleanup worker, causing permanent injuries." (Id., ¶ 14).

Plaintiff alleges that he "was a class action member of the Deepwater Horizon Medical Benefits Settlement, and was forced into Back End Litigation Option, or B.E.L.O, in May 2012." (Id. ¶ 10). He further alleges that "legal causation was proven in The Middle District of Tennessee case 2:20-CV-00051 for chemical asthma, suffered by the Plaintiff, and [he was] diagnosed with

---

[1] A copy of the MSA or *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement is available at In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2020, 2:10-md-02179 (E.D. La.), DE 6427-1.

2

Case 2:25-cv-00010    Document 10    Filed 08/22/25    Page 2 of 18 PageID #: 51

Reactive Airways Disease on September 11, 2015." (Id., ¶ 11).[2] Neither the United States nor any of its agencies were parties to the lawsuit filed in 2020, in which two BP-related companies were defendants. Plaintiff was represented by counsel in that lawsuit. See Maas v. BP Expl. & Prod., Inc. and BP Am. Prod. Co., No. 2:20-cv-00051 (M.D. Tenn.).

Plaintiff's administrative claims using Standard Form 95 ("SF-95") to the U.S. EPA, NOAA, and OSHA are dated February 8, 2024. (Doc. No. 1 at 9-11). However, U.S. EPA did not receive an SF-95 from Plaintiff until February 20, 2025. (See Declaration of Kenneth A. Redden, filed herewith). At that time, U.S. EPA received three SF-95's addressed to U.S. EPA, NOAA and OSHA. (Id., ¶¶ 5-6).

On July 21, 2025, Plaintiff filed with the Court a summons addressed to Kate Wheelock c/o National Oceanic and Atmospheric Administration on which he wrote, "N.O.A.A. is released as a def[endant]. I chose not to as they worked under E.P.A." (Doc. No. 7 at PageID #38-39). Plaintiff also filed a summons with the Court addressed to Douglas L. Parker c/o Occupational Safty [*sic*] and Health Administration on which he wrote, "SF 95 sent to T.O.S.H.A. Incorrect F.T.C.A. notification." (Id. at PageID #40-41). The (incorrect) address on that summons is 220 French Landing Drive, Nashville, TN 37228, id., which is the address for a state agency, the Tennessee Occupational Safety and Health Administration, which is within the Tennessee Department of Labor and Workforce Development.[3]

In his original Complaint, Plaintiff states that "[n]otice of this filing will be sent to [the agency defendants] by first class U.S. mail." (Doc. No. 1 at 8). U.S. EPA received a copy of the

---

[2] The Court can take judicial notice that Middle District of Tennessee Case No. 2:20-cv-00051 was resolved by a Stipulation of Dismissal With Prejudice. Neither the Stipulation (DE 135) nor the Court's February 24, 2022, Order dismissing the case (DE 136) assign liability to any party.
[3] See https://www.tn.gov/content/tn/workforce/employees/safety-health/tosha-redirect/tosha-local-offices.html. The correct ZIP Code is 37243.

original complaint without a summons, which had been sent by First Class Mail, on February 20, 2025. (Redden Dec., ¶ 7). Five months later, Plaintiff filed a return of summons for the U.S. EPA stating that he served the "mail clerk" at U.S. EPA on July 14, 2025. (Doc. No. 8 at PageID #43-44). However, the proof of service does not indicate that the U.S. EPA was served by registered or certified mail as required by Federal Rule of Civil Procedure 4(i)(2), and Plaintiff has not filed a certified or registered mail return showing proper service on the U.S. EPA.

The only defendants identified as such in Plaintiff's Amended Complaint are OSHA, NOAA, and the EPA. (Doc. No. 4, ¶ 1). No summonses have been issued or served on the federal employees referenced in the introductory paragraph of Plaintiff's Amended Complaint – Dr. David Michaels, Douglas L. Parker, David Kennedy, Kate Wheelock, and Lisa Jackson. (See id., PageID #20).

No summonses have been issued to or served on the Acting United States Attorney for this District or the United States Attorney General.

### III.     APPLICABLE LAW

#### A.     Dismissal for Lack of Subject Matter Jurisdiction

An action must be dismissed if the Court does not possess subject matter jurisdiction over the plaintiff's claims. Fed. R. Civ. P. 12(b)(1), (h)(3). As the party invoking jurisdiction, the plaintiff carries the burden of establishing subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The plaintiff's burden of pleading and proving the existence of subject matter jurisdiction is well established. DHSC, L.L.C. v. Cal. Nurses Ass'n, 700 F. App'x 466, 470 (6th Cir. 2017).

Federal courts are courts of limited jurisdiction; their jurisdiction cannot be presumed but must be affirmatively and positively pled. See Kokkonen, 511 U.S. at 377; Mason v. Lockwood,

Andrews & Newnam, P.C., 842 F.3d 383, 391 (6th Cir. 2016) (citing Smith v. McCullough, 270 U.S. 456, 459 (1926)) ("[T]he established rule is that a plaintiff, suing in a federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction[.]") Establishing jurisdiction is a particularly heavy burden when the object of the plaintiff's suit is the sovereign, because the "United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941) (citations omitted). "Further, the language of any waiver of sovereign immunity is strictly construed in favor of the United States." Reed v. Reno, 146 F.3d 392, 398 (6th Cir. 1998). "In light of the absence of an explicit waiver of sovereign immunity, this court cannot imply a waiver." Id. (citing United States v. King, 395 U.S. 1, 4 (1969)).

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may take two forms: (1) the motion may attack the complaint on its face, or (2) the moving party may assert that the factual basis precludes subject matter jurisdiction. See United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994). "A *facial* attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party. A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. Id. (emphasis in original; citations omitted.) For the purposes of this motion, the United States asserts factual attacks on Plaintiff's Amended Complaint.

## B. Dismissal for Failure to State a Claim

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007); Inge v. Rock Fin. Corp., 281 F.3d 613, 619 (6th Cir. 2002). In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), the Supreme Court held that, although a complaint need not plead "detailed factual allegations," "those allegations" must be enough to raise a right to relief above the speculative level. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citing Twombly, 550 U.S. at 555) (emphasis in original). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In Iqbal, the Supreme Court further expounded on the "two working principles" that underlie the Twombly decision. Id. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim under the federal rules. Id. " Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. Likewise, a court need not "accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Ultimately, the focus is on the language in the complaint and whether that sets forth sufficient factual allegations to support a plaintiff's claims for relief.

### C. Dismissal for Insufficient Service of Process

A motion under Rule 12(b)(5) challenges a plaintiff's failure to complete service of process. See King v. Taylor, 694 F.3d 650, 655 (6th Cir. 2012). Service is "the means by which a defendant receives notice of an action and is formally brought within a court's jurisdiction …." Id. at 659. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987); see also O.J. Distrib., Inc. v. Hornell Brewing Co., 340 F.3d 345, 353 (6th Cir. 2003) ("Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties.") (abrogated on other grounds by Morgan v. Sundance, Inc., 596 U.S. 411, 416 n.1 (2022)). Indeed, rather than being "some mindless technicality," proper service of process is an essential prerequisite to the Court gaining personal jurisdiction over the defendant. Friedman v. Est. of Presser, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting Del Raine v. Carlson, 826 F.2d 698, 704 (7th Cir. 1987)). A defendant's actual notice of a suit is immaterial; if the plaintiff fails to complete service on him, the "district court is without jurisdiction to render judgment against the defendant." Ecclesiastical Ord. of the Ism of Am, Inc. v. Chasin, 845 F.2d 113, 116 (6th Cir. 1988); see King, 694 F.3d at 655; Friedman, 929 F.2d at 1156.

A plaintiff is responsible for serving the summons and complaint in accordance with Federal Rule of Civil Procedure 4. Service upon a United States agency is governed by Rule 4(i). When suing a United States agency, a plaintiff must serve the United States by sending a copy of the summons and complaint to the Attorney General of the United States and the United States Attorney's Office in the district where the action is brought, in addition to sending a copy of the summons and complaint to the agency by registered or certified mail. Fed. R. Civ. P. 4(i)(1)-(2); Dominy v. Mayorkas, 2021 WL 6198075, at *2 (M.D. Tenn., Dec. 30, 2021) (Newbern, M.J.); Cole v. Shinseki, 2013 WL 2289257, at *2 (W.D. Tenn., May 23, 2013).

"The burden is on the plaintiff to exercise due diligence to perfect service of process after the filing of the complaint, and the burden is also on him to establish that proper service has been made." Campbell v. United States, 496 F. Supp. 36, 39 (E.D. Tenn. 1980) (internal citations omitted). "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." King, 694 F.3d at 655.

## IV. ARGUMENT

### A. Plaintiff's Claims Do Not Sound in Admiralty

In his Amended Complaint, Plaintiff alleges that this Court has both admiralty jurisdiction and jurisdiction under the FTCA. (Doc. No. 4, ¶¶ 3, 5). The issue of whether Mr. Maas's claims sound in admiralty is important because the FTCA does not apply in admiralty cases. See 28 U.S.C. § 2680(d) ("The provisions of this chapter and section 1346(b) of this title shall not apply to . . . [a]ny claim for which a remedy is provided by chapter 309 [SIAA] or 311 [Public Vessels Act] of title 46 relating to claims or suits in admiralty against the United States."). Were this an admiralty case, the appropriate waiver of sovereign immunity would be the SIAA. See 46 U.S.C. § 30903(a) (allowing suits in cases where a private party could otherwise maintain a civil action in admiralty). Similarly, the SIAA contains an exclusivity provision, making its application exclusive of the FTCA:

> If a remedy is provided by this Chapter, it shall be exclusive of any other action arising out of the same subject matter against the officer, employee, or agent of the United States or the federally-owned corporation whose act or omission gave rise to the claim.

46 U.S.C. § 30904.

Given these mandates, either the FTCA or the SIAA applies, but not both. To assess the viability of admiralty jurisdiction, the Court performs a two-step analysis. First it looks to the location of the incident at issue and, second, to its connection to maritime activity. Jerome B.

Grubart v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 533-34 (1995). The location test is an inquiry into whether the tort occurred on navigable waters. Id. The second test—connection with maritime activity—itself has two prongs: (1) whether the "incident has a potential to disrupt maritime commerce" and (2) whether the "activity giving rise to the incident shows a substantial relationship to traditional maritime activity." Id. Applying these provisions, the location test is easily met because Mr. Maas was working as a boat captain on the waters of the Gulf of Mexico when exposed to Corexit. Whether the connection test is met, however, is a closer question. Mr. Maas says the United States is liable because:

> 15. O.S.H.A. failed all cleanup workers as no Material Safety Data Sheets for dispersants Corexit® EC 9500A or EC 9527A were posted at Point Cadet Mississippi Vessel of Opportunity Incident Command Center. 29 C.F.R 1910.1200 causing a Breach of Legal Duty, and failure to protect the public and cleanup workers.
>
> 16. E.P.A. failed to protect cleanup workers as they failed to warn the public of highly toxic airborne chemicals and dispersed oil as required by the Clean Water Act, Emergency Plan and Community Right to Know Act, or EPCRA., U.S.C. 42 §11100-11050.
>
> 17. E.P.A. and O.S.H.A. both failed to provide air quality monitoring within 30 miles of Point Cadet, Mississippi. Failing The National Contingency Plan, or NCP, Subsection H(2)(i) and C.F.R. 29-§1910-1926 and C.F.R. 40 §300.317, Oil Pollution Act of 1990, or OPA, §4201, Public Law 101-380, and Title 29 — Subtitle B, Chapter XVII Part 1910 Subpart H §1910.120 Part 1(V) and (2)(I), causing Breach of Legal Duty.

(Doc. No. 4, ¶¶ 15-17).

Even assuming that these acts have "a potential to disrupt maritime commerce," Grubart, 513 U.S. at 534, they do not "show[] a substantial relationship to traditional maritime activity."[4]

---

[4] By comparison, the activities for which BP was liable and compensated Mr. Maas, sounded in admiralty: "All legal questions arise and would be determined essentially under a common legal framework of general federal maritime law (a species of federal common law)." In re Oil Spill by Oil Rig Deepwater Horizon, 295 F.R.D. 112, 134 (E.D. La. 2013). "Indeed, because BP was named a 'responsible party' under [the Oil Pollution Act of 1990], its alleged negligence for the blowout underpins the entirety of its post-explosion conduct, including its application of dispersant

Id. Specifically, a failure to post Material Safety Data Sheets, or to warn of the potentially toxic effect of dispersal of Corexit from an airplane, or to monitor air quality – *i.e.*, the acts for which Mr. Maas seeks to hold the government liable – are non-maritime actions. Therefore, Mr. Maas must look to the FTCA, not the SIAA, in his effort to sue the United States.

> **B.** **Plaintiff's Amended Complaint Must Be Dismissed Because the United States is the Only Proper Defendant in an FTCA Action**

"The FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee. 28 U.S.C. § 2679(a). Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction." Allgeier v. United States, 909 F.2d 869, 871 (6th Cir. 1990). See also Jones v. Johnson, 707 Fed. Appx. 321, 331 (6th Cir. 2017) (unpublished); Brown v. United States, 2023 WL 11816591, at *3 (W.D. Tenn., March 9, 2023). "[A] federal agency cannot be sued under the FTCA." Chomic v. United States, 377 F.3d, 607, 608 (6th Cir. 2004). The U.S. EPA, NOAA and OSHA are not proper defendants in this case.[5]

Under Federal Rule of Civil Procedure 15(c)(1)(C), if Plaintiff had filed his complaint and provided notice to the United States within the two-year statute of limitations, he should be allowed to amend his complaint to substitute the United States for the agency defendants. However, as discussed below, Plaintiff filed his complaint more than seven years after the statute of limitations

---

chemicals." Id. See also In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on Apr. 20, 2010, 808 F. Supp. 2d 943, 949-51 (E.D. La. 2011) (finding (1) Deepwater Horizon offshore drilling unit to be a vessel on navigable waters; (2) that its explosion and the resulting spill disrupted maritime commerce; and (3) that its operations bore a substantial relationship to traditional maritime activity), aff'd sub nom., In re Deepwater Horizon, 745 F.3d 157 (5th Cir. 2014).

[5] Although Plaintiff appears to have dismissed NOAA as a defendant (see Doc. No. 7, PageID #38-39) ("N.O.A.A. is released as a def[endant]. I chose not to as they worked under E.P.A.") and conceded that he has not submitted his administrative claim to OSHA (see id. at PageID # 40-41) ("SF 95 sent to T.O.S.H.A. Incorrect F.T.C.A. notification."), to the extent that they remain named as defendants, this discussion is equally applicable to them as to U.S. EPA.

10

Case 2:25-cv-00010    Document 10    Filed 08/22/25    Page 10 of 18 PageID #: 59

expired, and there is no good cause to toll the statute of limitations. See, e.g., Lewis v. Department of the Treasury, Bureau of Alcohol, Tobacco, and Firearms, 2000 WL 263820, at *2 (6th Cir. Feb. 25, 2000) (unpublished) ("the Supreme Court has held that an amendment otherwise allowable need not be permitted if the amendment would be futile.") (citing Smith v. Wilkinson, 1997 WL 117046 (6th Cir. Mar. 13, 1997) (unpublished) (upholding district court's denial of leave to amend because amendment would be time barred and thus futile).

### C. Plaintiff's Amended Complaint Fails to State a Claim Because Plaintiff Submitted His Administrative Claims More Than Two Years After He Alleges His Injuries Accrued, and the Statute of Limitations Should Not Be Tolled

#### *i. Plaintiff submitted his administrative claims more than two years after his claim accrued*

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Although the FTCA's exhaustion requirement is not jurisdictional, it is mandatory. See Kellom v. Quinn, 86 F.4th 288, 293 (6th Cir. 2023). See also D.B by and through Lundy v. Shelby Cty Health Care Corp., 861 Fed. Appx. 634 (6th Cir., July 2, 2021) (unpublished) (FTCA suit barred by two-year statute of limitations).

The Sixth Circuit has stated that "because the statute of limitations in an FTCA case is an affirmative defense, the burden is on the government to show that the statute of limitations has run. If the government meets this requirement the burden shifts to the plaintiff to establish an exception to the statute of limitations." Hogan v. United States, 42 F. App'x 717, 722 (6th Cir. 2002).

An FTCA "claim accrues when a plaintiff possesses enough information with respect to her injury that, '[h]ad [she] sought out independent legal and [expert] advice at that point, [she] should

11

have been able to determine in the two-year period whether to file an administrative claim.' McIntyre v. U.S., 367 F.3d 38, 53 (1st Cir.2004); see also Kronisch v. United States, 150 F.3d 112, at 121 (2d Cir. 1998) ('a claim will accrue when the plaintiff knows, or should know, enough of the critical facts of injury and causation to protect himself by seeking legal advice') (internal quotation marks omitted)." Hertz v. United States, 560 F.3d 616, 618 (6th Cir. 2009). Accrual of a claim does not "await awareness by the plaintiff that his injury was negligently inflicted," rather, a claim accrues when a plaintiff "armed with the facts about the harm done to him, can protect himself by seeking advice in the … legal community." United States v. Kubrick, 444 U.S. 111, 123 (1979).

In this case, Plaintiff alleges that he participated in the cleanup efforts following the Deepwater Horizon oil spill in 2010. (Doc. No. 4, ¶¶ 10, 13, 14). He further alleges that, "as a cleanup worker, [he] was exposed through inhalation, airborne and direct contact to oil, dispersants and other harmful chemicals throughout the duration of his time as a cleanup worker, causing permanent injuries." (Id., ¶ 14). He "was a class action member of the Deepwater Horizon Medical Benefits Settlement, and was forced into Back End Litigation Option, or B.E.L.O, in May 2012. MDL No. 2179, Rec. Doc. 6427-1 (May 3, 2012) §H.Q. in the Eastern District Court of Louisiana." (Id., ¶ 10). And Plaintiff alleges that he was "diagnosed with Reactive Airways Disease on September 11, 2015." (Id., ¶ 11). The Court can take judicial notice that Plaintiff – represented by counsel – filed a B.E.L.O. lawsuit against BP Exploration & Production, Inc. and BP America Production Company for his injuries resulting from his cleanup work in 2010 and 2011 in the United States District Court for the Eastern District of Louisiana, which was transferred to this Court in 2020. See Maas v. BP Expl. & Prod., Inc. and BP Am. Prod. Co., No. 2:20-cv-00051 (M.D. Tenn.). Plaintiff did not sue the United States at that time.

12

Case 2:25-cv-00010   Document 10   Filed 08/22/25   Page 12 of 18 PageID #: 61

By no later than 2015, Plaintiff's claim had accrued because he knew, or should have known, because of his participation in the Deepwater Horizon Medical Benefits Settlement and because of his September 11, 2015, diagnosis of having Reactive Airways Disease, "enough of the critical facts of injury and causation to protect himself by seeking legal advice." Hertz, 560 F.3d at 616. Therefore, for it to have been timely, Plaintiff must have submitted his administrative claims to the relevant federal agencies no later than September 11, 2017. 28 U.S.C. § 2401(b); Hertz, 560 F.3d at 618; Kubrick, 444 U.S. at 123. Plaintiff did not submit his administrative claim to the U.S. EPA until February 20, 2025. (Redden Dec., ¶¶ 5, 6). He has not sent any administrative claims directly to NOAA or OSHA.

### ii. the statute of limitations should not be tolled

For Plaintiff's claim to survive, the Court must find that his suit should be equitably tolled. In United States v. Wong, 575 U.S. 402, 420 (2015), the Supreme Court "[held] that the FTCA's time bars are nonjurisdictional and subject to equitable tolling."

> In general, equitable tolling is available "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Jackson v. United States, 751 F.3d 712, 718 (6th Cir. 2014) (quoting Robertson v. Simpson, 624 F.3d 781, 783 (6th Cir. 2010)). Although "equitable tolling may be applied in suits against the government, courts will only do so sparingly, and not when there has only been a garden variety claim of excusable neglect." Id. (quoting Chomic v. United States, 377 F.3d 607, at 615 (6th Cir. 2004)). A litigant "carr[ies] the burden of establishing [his] entitlement to equitable tolling." Id. at 718-19 (citation omitted).

Zappone v. United States, 870 F.3d 551, 556 (6th Cir. 2017).

"To determine whether equitable tolling is available to a plaintiff, a court considers five factors: (1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing her rights; (4) an absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." Jackson v. United States, 751 F.3d 712, 719 (6th Cir.

2014) (citing Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998)). "[E]quitable tolling 'is not intended for those who sleep on their rights …'" Trinity Marine Prods. Inc. v. United States, 812 F.3d, 481, 489 (5th Cir. 2016) (quoting Covey v. Ark. River Co., 865 F.2d 660, 662 (5th Cir. 1989)).

In D.B. by and through Lundy, supra, a procedurally similar case, the Sixth Circuit declined to equitably toll an FTCA case against a federally-deemed medical facility. In that case, Plaintiff Lundy gave birth to D.B. on May 2, 2014. 861 Fed. Appx. at 635. She filed suit in state court more than three years later on August 22, 2017, and filed her administrative claim on October 13, 2017. Id. The Sixth Circuit found that "[t]here is no dispute that Lundy filed this action after the FTCA's applicable two-year statute of limitations period. So the only issue on appeal is whether the district court erred in choosing not to toll that limitations period." Id. at 636. The Court found that "factors two, three, and five overlap substantially and decide[d that] case." Id. Lundy had "constructive knowledge [factor 2] of CCHS's and Dr. Mullinax's federal status and her likely need to comport with the FTCA's limitations period" because the facility's webpage gave "clear notices of its (and its employees) federally-designated status." Id. at 637. Here, there is no need for a webpage – it is undeniable that U.S. EPA, NOAA and OSHA are federal agencies.

Lundy was not diligent (factor three) because "[o]ther than hiring a law firm to review the case, she provides no specific information about what she did before the FTCA's limitations period expired that would excuse her failure to comply with the statute." Id. And any due diligence by her second law firm was done after the two-year statute of limitations had passed. Id. at 638. Plaintiff Maas similarly has not demonstrated diligence in pursuing his claims against the United States. He participated in the Deepwater Horizon Medical Benefits Settlement as early as 2012, and he sued two BP-related companies in 2020 (in a case in which he retained counsel). However, he took no

action to pursue his claims against the United States until 2025 – almost ten years after his claim accrued.

Finally, it was not reasonable for Plaintiff Maas to remain ignorant of U.S. EPA, NOAA, and OSHA's federal status and the FTCA's corresponding legal requirements (factor five). Id. at 638-39. "In the end, [Maas] fails to show that [his] inability to comply with the FTCA's two-year statute of limitations was due to unavoidable circumstances beyond [his] control. Id. at 639. For all these reasons, Plaintiff's claim should not be equitably tolled and his lawsuit should be dismissed.

In addition, there is no evidence that Plaintiff submitted an administrative claim to NOAA. And Plaintiff has conceded that he has not submitted an administrative claim to OSHA. Those agencies should also be dismissed pursuant to Rule 12(b)(1) for failure to exhaust administrative remedies. See Allen v. Brown, 320 F. Supp. 3d. 16, 33 (D.D.C. 2018) (citing Colbert v. U.S. Postal Serv., 831 F. Supp. 2d 240, 243 (D.D.C. 2011)).

D. **Plaintiff's Amended Complaint should be dismissed for insufficient service of process**

Plaintiff has not served the United States because he has not complied with the requirements under Rule 4(i)(1) requiring service upon the United States within 90 days of filing his Complaint as proscribed by Rule 4(m). In fact, as evidenced by the docket, no summons has been issued to the Attorney General or the Acting United States Attorney of this District by the Clerk's Office. Because Plaintiff has failed to serve the Attorney General and the Acting United States Attorney under Rule 4(i)(1)(B), he has not properly served the United States. See Ross v. Soc. Sec. Admin. United States of Am., 2023 WL 6178443, at *4 (W.D. Tenn., Sept. 21, 2023) ("Plaintiff's failure to make service on the Attorney General of the United States under Rule 4(i)(1)(B) again means he has not served the United States as required under Rule 4(i)(1) and (2)."); McBratnie v. Rettig, 2022 WL 18958901, at *7 (E.D. Mich., Sept. 14, 2022) (dismissing claim against federal tax judge

15

Case 2:25-cv-00010 Document 10 Filed 08/22/25 Page 15 of 18 PageID #: 64

for failure to serve the U.S. Attorney's Office and Attorney General). Moreover, as discussed above, U.S. EPA received a copy of the original complaint without a summons, which had been sent by First Class Mail, on February 20, 2025. (Redden Dec., ¶ 7). Five months later, Plaintiff filed a return of summons for the U.S. EPA stating that he served the "mail clerk" at U.S. EPA on July 14, 2025. (Doc. No. 8, PageID #43-44). However, the proof of service does not indicate that the U.S. EPA was served by registered or certified mail as required by Federal Rule of Civil Procedure 4(i)(2), and Plaintiff has not filed a certified or registered mail return showing proper service on the U.S. EPA. He also purports to have dismissed NOAA and concedes that he has not submitted an administrative claim to OSHA, much less served it with process.

Plaintiff cannot meet his burden to establish proper service. See Shires v. Magnavox Co., 74 F.R.D. 373, 377 (E.D. Tenn. 1977). Accordingly, the Court should dismiss the Complaint against the United States under Rule 12(b)(5) for insufficient service of process.

> Rule 4(m) mandates that if a defendant is not served with process within 90 days of the filing of the complaint, "the court – on motion or on its own after notice to the plaintiff – **must** dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m) (emphasis added). Rule 4(m) also provides that the court may "order that service be made within a specified time."

Griffis v. Brunk, 2022 WL 1509117, at *2 (M.D. Tenn., May 12, 2022) (Holmes, M.J.) (Report and Recommendation adopted by Griffis v. Brunk, 2022 WL 2349146) (Campbell, J.)). This case was filed on February 14, 2025. Plaintiff's 90 days in which to serve the United States ran on May 15, 2025.

Finally, there is no "good cause" for Plaintiff's failure to properly serve the United States as required by the Federal Rules of Civil Procedure. Although Plaintiff attempted service on U.S. EPA, in the six months since he filed this lawsuit, he has not attempted service on the other agencies, the Attorney General or this District's Acting United States Attorney. Absent a showing

16
Case 2:25-cv-00010   Document 10   Filed 08/22/25   Page 16 of 18 PageID #: 65

of good cause, courts in the Sixth Circuit balance five factors to determine whether to exercise their discretion to grant a plaintiff more time to serve the defendants. The factors are:

> (1) whether an extension of time would be well beyond the timely service of process;
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
> (3) whether the defendant had actual notice of the lawsuit;
> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;
> (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
> (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and
> (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

United States v. Oakland Physicians Med. Ctr., LLC, 44 F.4th 565, 569 (6th Cir. 2022). Although Plaintiff is proceeding *pro se* in this action, this is his third lawsuit seeking to recover damages for injuries he alleges were sustained during cleanup efforts in 2010. Looking at all the factors, this lawsuit is years beyond the statute of limitations. Allowing Plaintiff more time to properly serve the United States would not change the fact that this action is time barred. And the United States would be substantially prejudiced by having to continue to defend this action. See Lewis, 2000 WL 263820, at *2.

## V. CONCLUSION

Based on the foregoing, Plaintiff's Amended Complaint should be dismissed under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, 12(b)(6) for failure to state a claim, and 12(b)(5) for insufficient service of process.

//

//

//

[*signature on next page*]

17

Case 2:25-cv-00010     Document 10     Filed 08/22/25     Page 17 of 18 PageID #: 66

Respectfully submitted


ROBERT E. McGUIRE
Acting United States Attorney


By: s/ Mark H. Wildasin
MARK H. WILDASIN, B.P.R. #015082
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, TN 37203-3870
Telephone: (615) 736-5151
Email: mark.wildasin@usdoj.gov

*Attorney for the United States*


## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2025, a copy of the foregoing was filed electronically. A copy will be sent to the following, if registered, by operation of the Court's electronic filing system and email. If not registered, a copy was sent by United States First Class Mail and Certified Mail, receipt #9589 0710 5270 0010 7301 85, postage prepaid, to the following:

John Scott Maas
505 Ripley Road
Sparta, TN 38583

*Pro se Plaintiff*

s/ Mark H. Wildasin
MARK H. WILDASIN
Assistant United States Attorney