UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| JOHN SCOTT MAAS, | ) |
|---|---|
| Plaintiffs, | ) |
| v. | ) NO. 2:25-cv-0010 |
| UNITED STATES GOVERNMENT, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

John Scott Maas participated in the clean-up after the 2010 oil spill from BP's Deepwater Horizon Offshore Drilling Unit. (Doc. No. 4 at 4). Notwithstanding that Maas has twice received compensation for his injuries, see Case. No. 2:20-cv-00051, Maas v. BP Expl. & Prod. Inc. and BP Am Prod. Co. (M.D. Tenn.), he brings this lawsuit seeking more compensation against the United States Environmental Protection Agency ("EPA"), the National Oceanic and Atmospheric Administration ("NOAA") and the Occupational Safety and Health Administration ("OSHA") (collectively "Defendants"). (Doc. No. 4). Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendants move for dismissal for lack of subject matter jurisdiction. (Doc. No. 9).

In Defendants' opening memorandum for dismissal, Defendants make a factual attack to the Court's subject-matter jurisdiction. (Doc. No. 10 at 4-5). Defendants argue that dismissal is proper because Maas failed to establish subject-matter jurisdiction under the Suits in Admiralty Act ("SIAA"), 46 U.S.C. §§ 741, *et seq.*, or the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, *et seq.* According to Defendants, there is no jurisdiction under the SIAA because Maas cannot satisfy the two-part test – location of the incident and connection to maritime activity. Jerome B. Grubart v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 533-34 (1995); (Doc. No.

10 at 8-10); see also Buccina v. Grimsby, 889 F.3d 256, 259 (6th Cir. 2018) (applying the test from Grubart, 513 U.S. at 533-34). In response, Maas makes no argument for subject matter jurisdiction under SIAA, which the Court construes as a waiver. See Humphrey v. United States Att'y Gen.'s Office, 279 F. App'x 328, 331 (6th Cir. 2008) (where plaintiff failed to respond to an argument, any opposition was waived). Accordingly, the Court concludes that subject-matter jurisdiction does not attach under the SIAA.

Likewise, Maas fails to respond and thus concedes he never filed an administrative claim, the jurisdictional pre-requisite, to sue OSHA. See id.; Blakely v. United States, 276 F.3d 853, 864 (6th Cir. 2002) (exhaustion of administrative remedies is a prerequisite to filing suit under the FTCA).

Under the FTCA, the United States is the only proper defendant, 28 U.S.C. §2679(a). Maas' failure to name the United States as a defendant is fatal to his FTCA claim. Allgeier v. United States, 909 F.2d 869, 871 (6th Cir. 1990) ("Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction."); Mynatt v. United States, 45 F.4th 889, 894 (6th Cir. 2022) (same). Here, he only sues several federal agencies – EPA, OSHA and NOAA – which is legally insufficient. Allgeier, 909 F.2d at 871. Even if Maas properly sued the United States, his failure to file an administrative claim with EPA is fatal to his case.

Under the FTCA it is mandatory for a person bringing a tort claim to present the claim to the federal agency within two years after such claim accrues. 28 U.S. C. §2401(b); United States v. Wong, 575 U.S. 402, 405 (2015) (quoting 28 U.S. C. §2401(b)) ("The Federal Tort Claims Act (FTCA or Act) provides that a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim."). In

2

opposition to dismissal, Maas does not challenge that he filed his administrative claim with the EPA on February 8, 2024 because "No case could be brought against any other party until February 24, 2022, the date of dismissal from the class action [(Case. No. 2:20-cv-00051, Maas v. BP Expl. & Prod. Inc. and BP Am Prod. Co. (M.D. Tenn.)]." (Doc. No. 12 at 1).  Because the Defendants argue that Maas' cause of action occurred no later than 2015, he was required to file his administrative claim by September 11. 2017, so his February 20, 2025 administrative claim submission is untimely to the EPA, dismissal is required.  (Doc. No. 10 at 12-13).

To avoid dismissal, Maas admits that: "The accrued date is the issue fatal to this case. There are many reasons to toll the statute of limitations in this matter." (Doc. No. 12 at 1).  To explain his many years of delay, Maas says: 1) No time prior to February 24, 2022 could he act because his "cause of action was locked into a federally approved class action," (Doc. No. 14 at 1); "For 11 years every case was dismissed in the 5th and 11th District," id.; "The issue is clear, did the class action, federally approved, deny or delay my right to assert a F.T.C.A. claim" (Doc. No. 14) and "That told me what caused my illness in 2021." (Doc. No. 14 at 4).  While accepting as true what Plaintiff believes about bringing a lawsuit, he offers no explanation about his delay to file an administrative claim with the E.P.A.  As a matter of law that is dispositive, unrelated to his tolling arguments and fatal here.

In summary, each of the three defendants before the Court are entitled to dismissal.  Maas has forfeited his allegation of subject matter jurisdiction under the Suits in Admiralty Act.  Maas failed to file a timely administrative claim against OSHA and the EPA under the Federal Tort Claim Act.  Maas has affirmatively dropped the National Oceanic and Atmospheric Administration as a party.  (Doc. No. 7).

The motion to dismiss is **GRANTED**. The Court shall enter judgment and close this file.

3

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE